**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **AURELIANO PALOMO,** | § |
| *Plaintiff*, | § |
| v. | §   CIVIL ACTION NO. 5:20-cv-00102 |
| **FLOWERS BAKING COMPANY OF SAN ANTONIO, LLC** | § |
| *Defendant*. | § |

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW, Defendant Flowers Baking Company of San Antonio, LLC (hereinafter referred to as "Defendant") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 files this Notice of Removal of this action to the U.S. District Court for the Western District of Texas, San Antonio Division, respectfully showing the Court as follows:

**I.
PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY**

1. Plaintiff Aureliano Palomo initiated this civil action against Defendant by filing an Original Petition in the 150th Judicial District Court of Bexar County, Texas, on or about December 27, 2019.

2. Plaintiff's civil action is styled *Aureliano Palomo v. Flowers Baking Company of San Antonio*; Cause No. 2019-CI-26068; In 150th Judicial District Court of Bexar County, Texas.

3. Plaintiff is a former employee of Defendant. In his Original Complaint, Plaintiff alleges that Defendant discriminated against him because of his age (52) and gender/sex (male) in violation of Section 21.051 of the Texas Labor Code. Plaintiff also alleges that Defendant

retaliated against him after engaging in a protected activity in violation of Section 21.055 of the Texas Labor Code.

4. Defendant was served with Plaintiff's Original Complaint on January 2, 2020. On January 24, 2020, Defendant timely filed and Answer with the 150th Judicial District Court of Bexar County, Texas.

5. Defendant files this Notice of Removal with this court pursuant to 28 U.S.C. § 1332(a)(1) on the ground that this court has original jurisdiction over Plaintiff's causes of action. Defendant's Notice of Removal is compliant with 28 U.S.C. §§ 1441 and 1446.

6. Defendant's Notice of Removal is accompanied by (1) all executed process and pleadings in the case and (2) the state court's docket sheet. See **Exhibit A,** Clerk's File. No orders have been signed by the state court in this matter.

## II.
## THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS

7. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

**A.** *Diversity of Citizenship Exists*

8. Diversity of citizenship exists because Plaintiff and Defendant are citizens of different states.

9. Plaintiff is a citizen of San Antonio, Bexar County, Texas. *See* Plaintiff's Original Petition, at p. 1, ¶ 1.

10. Defendant, on the other hand, is a citizen of Georgia. The citizenship of a limited liability company for diversity jurisdiction purposes is determined by the citizenship of each of its

members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Am. Elec. Power Co. Inc. v. Affiliated FM Ins. Co.*, 556 F.3d 282, 286 (5th Cir. 2009) (holding that an LLC must be treated as an unincorporated association – and not as a corporation – for purposes of diversity jurisdiction).

11.     In *Beudoin v. Bass Pro Outdoor World, LLC*, No. SA-15-CV-513-XR, 2015 WL 4637886 at *2 (W.D. Tex. Aug. 3, 2015), the Honorable Xavier Rodriguez of this District described the procedure in determining the citizenship of a limited liability company. In *Beudoin*, the court found that diversity citizenship existed between the parties because Plaintiff was a citizen of Texas and Defendant Bass Pro Outdoor World, LLC, was a citizen of Missouri. *Id.*

12.     In reaching this conclusion, the court began its analysis by explaining that Bass Pro Outdoor World, LLC, a limited liability company, was a wholly owned subsidiary of Bass Pro, LLC, a Delaware limited liability company. *Id.* In turn, Bass Pro, LLC, was owned by Bass Pro Group, LLC, a separate Delaware limited liability company that was owned by American Sportman Holdings, Co., a Missouri corporation with its principal place of business in Missouri. *Id.* Therefore, the court found that because American Sportsman Holdings, Co., was a resident of Missouri, Bass Pro Outdoor World, LLC, was also a resident of Missouri for diversity purposes. *Id.*

13.     Here, Defendant is a limited liability company. See **Exhibit B**, Declaration of Karyl Lauder, Sr. VP and Chief Accounting Officer for Flowers Foods, Inc., at ¶ 1. Defendant's only member is Flowers Baking Co. of Tyler, LLC; Flowers Baking Co. of Tyler, LLC's only member is Flowers Baking Co. of Texas, LLC; Flowers Baking Co. of Texas, LLC's only member is Flowers Bakeries, LLC; Flowers Bakeries, LLC's only member is Flowers Foods, Inc. and Flowers Foods, Inc. is incorporated and headquartered in the state of Georgia. *Id.* at ¶ 2-6.

14. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The U.S. Supreme Court has established that a corporation's "principal place of business" for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The High Court further clarified that the "principal place of business" is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

15. Flowers Foods, Inc., is incorporated in the State of Georgia and also maintains its principal place of business in Georgia as it is headquartered in Georgia. See **Ex. B.**, at ¶ 6.

16. Accordingly, because Flowers Foods, Inc., is a citizen of Georgia, Defendant is also a citizen of Georgia for purposes of diversity jurisdiction, and not Texas.

### B.   *Amount-in-Controversy Exceeds $75,000 Threshold*

17. The amount-in-controversy in this action exceeds $75,000.

18. The sum demanded in good in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2).

19. By Plaintiff's own admission in his Original Complaint, Plaintiff seeks to recover "monetary relief over $200,000 but no more than $1,000,000, including costs, expenses, pre- and post-judgment interests and attorney's fees."

20. Accordingly, because diversity citizenship exists and the amount-in-controversy exceeds $75,000, removal to this court is proper pursuant to 28 U.S.C. § 1332(a) because this court has original jurisdiction over Plaintiff's claims.

## III.
## THIS NOTICE OF REMOVAL IS TIMELY

21. Defendant has timely filed this Notice of Removal within thirty (30) days of service of Plaintiff's Original Complaint on January 2, 2020. 28 U.S.C. § 1446(b).

22. Defendant has also served a copy of this Notice of Removal (and exhibits) on Plaintiff, through his counsel, as reflected in the certificate of service below, and has concurrently filed a copy of this notice with the clerk of the state court where the action is currently pending in accordance with 28 U.S.C. § 1446(d).  See **Exhibit C**.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant files this Notice to Remove this action from the 150th Judicial District Court of Bexar County, Texas, to the U.S. District Court for the Western District of Texas, San Antonio Division, and respectfully requests this court to exercise original jurisdiction over this action.

        Respectfully submitted,

        /s/ *Tiffany Cox Stacy*
        Tiffany Cox Stacy
        State Bar No. 24050734
        tiffany.cox@ogletree.com
        José E. Galvan
        State Bar. No. 24083039
        jose.galvan@ogletree.com
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        2700 Weston Centre
        112 East Pecan Street
        San Antonio, TX  78205
        210.354.1300 (Tel.)
        210.277.2702 (Fax)

        ATTORNEYS FOR DEFENDANT
        FLOWERS BAKING COMPANY
        OF SAN ANTONIO

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Alfonso Kennard, Jr.
    Daniel J. Salas
    Kennard Law P.C.
    2603 Augusta Drive, 14th Floor
    Houston, Texas  77057

        /s/*Tiffany Cox Stacy*
        Tiffany Cox Stacy

701226.000050
41587602.1