Civil Action No. 5:20-cv-00102

# EXHIBIT  A



# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2019CI26068

**Name**: AURELIANO PALOMO

**Date Filed** : 12/27/2019

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 150

**Docket Type** : EMPLOYMENT-DISCRIMINATION

**Business Name** : 2019CI26068

**Style** : AURELIANO PALOMO

**Style (2)** : vs FLOWERS BAKING COMPANY OF SAN ANTONIO

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00004 | 1/24/2020 | ORIGINAL ANSWER OF<br>FLOWERS BAKING COMPANY OF SAN ANTONIO LLC |
| S00001 | 12/30/2019 | CITATION CERTIFIED MAIL<br>FLOWERS BAKING COMPANY OF SAN ANTONIO<br>ISSUED: 12/30/2019 RECEIVED: 12/30/2019<br>EXECUTED: 1/2/2020 RETURNED: 1/6/2020 |
| P00003 | 12/27/2019 | SERVICE ASSIGNED TO CLERK 3 |
| P00002 | 12/27/2019 | JURY FEE PAID |
| P00001 | 12/27/2019 | PETITION<br>WITH JURY DEMAND |

FILED
1/24/2020 9:44 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:20-cv-00102-FB-HJB   Document 1-1   Filed 01/28/20   Page 4 of 24

## CAUSE NO. 2019CI26068

| | | |
|---|---|---|
| **AURELIANO PALOMO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **150TH JUDICIAL DISTRICT** |
| | § | |
| **FLOWERS BAKING COMPANY** | § | |
| **OF SAN ANTONIO,** | § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

Defendant Flowers Baking Company of San Antonio, LLC, ("Defendant"), misidentified as Flowers Baking Company of San Antonio, files this Original Answer to Plaintiff Aureliano Palomo's Original Petition, respectfully showing to the Court as follows:

### I.
### GENERAL DENIAL

Pursuant Texas Rule of Civil Procedure 92, Defendant generally and specifically denies each and every allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, and demands strict proof thereof. With respect to any claim by Plaintiff for punitive damages, Defendant demands strict proof thereof by clear and convincing evidence.

### II.
### VERIFIED DENIAL

Subject to and without waiving the foregoing General Denial, or in the alternative, but only to the extent necessary to protect its rights, Defendant files this verified denial pursuant to Rule 93(4) on the basis that there is a defect in parties. Plaintiff incorrectly named Defendant as "Flowers Baking Company of San Antonio" instead of the property entity, Flowers Baking

Company of San Antonio, LLC. Defendant, through its counsel, has attached a verified denial pursuant to Rules 14 and 93 of the Texas Rules of Civil Procedure.

### III.
### DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Defendant and are Plaintiff's burden to prove.

1.      Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of, or are inconsistent with, Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission – Civil Rights Division ("TWC-CRD").

2.      Plaintiff's claims are barred to the extent that he has failed to exhaust his administrative remedies.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC and/or TWC-CRD in a timely fashion and to the extent that they did not occur within the time frames prescribed by law.

4.      Plaintiff's claims are not actionable because the challenged employment practices were justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to Plaintiff's sex/gender (male), age, and/or any protected activity allegedly engaged by Plaintiff.

5.      Defendant would have taken the same employment actions with respect to Plaintiff, even in the absence of the discriminatory and/or retaliatory motives alleged by Plaintiff.

6.      Defendant has in place a clear and well disseminated policy against discrimination and harassment, and a reasonable and available procedure for handling complaints of violations

thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm, Plaintiff's claims of alleged discrimination are barred.

7.      If any improper, illegal, or discriminatory act was taken by any Defendant employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

8.      Defendant did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights, nor did Defendant approve, authorize, ratify, or have actual knowledge of any such acts.

9.      To the extent applicable, and pending discovery, Plaintiff's alleged damages are limited or barred by the after-acquired evidence doctrine.

10.     Plaintiff's damage claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

11.     Plaintiff's damages are capped pursuant to Texas Labor Code § 21.2585 and Texas Civil Practice & Remedies Code § 41.008.

12.     Without conceding that Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the due process limitations on punitive/exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

13.     Plaintiff is barred from recovering damages to the extent he has failed to mitigate his damages, including the failure of Plaintiff to accept work or to exercise diligence in seeking

employment. To the extent Plaintiff has mitigated his damages, Defendant is entitled to offset those amounts she has earned.

14.     To the extent applicable, and pending discovery, Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct was such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Defendant may not be held liable for any such alleged injuries or damages.

15.     Defendant cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case.  *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

Defendant specifically reserves the right to assert additional defenses, claims, counterclaims, cross-claims, and/or causes that may become appropriate based upon investigation or other discovery that may occur during the course of litigation.

## IV.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that Plaintiff takes nothing, that this Court dismiss Plaintiff's Original Petition with prejudice, and that Defendant be awarded its costs, attorneys' fees, and any other relief to which Defendant may be entitled.

Respectfully submitted,

/s/  *Tiffany Cox Stacy*
Tiffany Cox Stacy
State Bar No. 24050734
tiffany.cox@ogletree.com
José E. Galvan
State Bar No. 24083039
jose.galvan@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas  78205
210.354.1300 (Tel.)
210.277.2702 (Fax)

ATTORNEYS FOR DEFENDANT
FLOWERS BAKING COMPANY
OF SAN ANTONIO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2020 I electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the following:

Alfonso Kennard, Jr.
Daniel J. Salas
Kennard Law P.C.
2603 Augusta Drive, 14th Floor
Houston, Texas  77057

/s/ *Tiffany Cox Stacy*
Tiffany Cox Stacy / José E. Galvan

701226.000050
41549870.1

## **VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

Before me, the undersigned Notary Public, on this day, personally appeared Tiffany Cox Stacy, who upon her oath says as follows:

1.      "I am an attorney and authorized representative for Defendant Flowers Baking Company of San Antonio, LLC, misidentified as Flowers Baking Company of San Antonio in this matter. I have read the factual allegations set forth in Section II of Defendant's Original Answer to Plaintiff's Original Petition. The facts stated are true and correct."

Further affiant sayeth not.


_____
Tiffany Cox Stacy

SUBSCRIBED AND SWORN TO before me on this the 24th day of January, 2020.

```
┌─────────────────────────┐
│      NOTARY PUBLIC      │
│    TERRI NUGENT         │
│  ★ Notary ID # 5453449  │
│  My Commission Expires  │
│    September 15, 2020   │
│    STATE OF TEXAS       │
└─────────────────────────┘
```

_____
Notary Public in and for the State of Texas

My Commission Expires: 09/15/2020

701226.000050
41498391.1



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 20918560**
**Date Processed: 01/03/2020**

| | |
|---|---|
| Primary Contact: | Stephanie Tillman<br>Flowers Foods, Inc.<br>1919 Flowers Circle<br>Thomasville, GA 31757 |
| Electronic copy provided to: | Rebecca Heller<br>Amanda Stripling |

| | |
|---|---|
| Entity: | Flowers Baking Co. of San Antonio, LLC<br>Entity ID Number  2253066 |
| Entity Served: | Flowers Baking Company of San Antonio |
| Title of Action: | Aureliano Palomo vs. Flowers Baking Company of San Antonio |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Discrimination |
| Court/Agency: | Bexar County District Court, TX |
| Case/Reference No: | 2019CI26068 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 01/02/2020 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Alfonso Kennard, Jr.<br>713-742-0900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CERTIFIED MAIL #70181830000042689995

Case Number: 2019-CI-26068          2019CI26068  S00001

AURELIANO PALOMO

vs.                                                    IN THE DISTRICT COURT
                                                       150th JUDICIAL DISTRICT
FLOWERS BAKING COMPANY OF SAN ANTONIO                   BEXAR COUNTY, TEXAS
(Note: Attached document may contain additional litigants).          **CITATION**

**"THE STATE OF TEXAS"**
DIRECTED TO:    FLOWERS BAKING COMPANY OF SAN ANTONIO

              BY SERVING ITS REGISTERED AGENT, CORP SVC CO DBA CSC-LAWYERS INC SVC COMPANY
              211 E 7TH ST 620
              AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were  served this CITATION and ORIGINAL
PETITION AND REQUEST FOR DISCLOSURE,  a default judgment may be taken against you." Said
CITATION with ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  was filed on the 27th day of
December, 2019.


ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH  DAY OF December  A.D., 2019.


ALFONSO KENNARD JR                              **Mary Angie Garcia**
ATTORNEY FOR PLAINTIFF                                    Bexar County District Clerk
2603 AUGUSTA DR 1450                                      101 W. Nueva, Suite 217
HOUSTON, TX 77057-6145                                    San Antonio, Texas  78205


                                                         By: *Elvira Enriquez*, Deputy

---

AURELIANO PALOMO                      Officer's Return       Case Number: 2019-CI-26068
vs                                                           Court:150th Judicial District Court
FLOWERS BAKING COMPANY OF SAN ANTONIO


Came to hand on the 30th day of December 2019, A.D., at  9:06 o'clock A.M. and EXECUTED
(NOT EXECUTED) by CERTIFIED MAIL, on the  _____ day of _____ 20_____, by
delivering to: _____ at 211 E 7TH ST 620 AUSTIN TX
78701-3218 a true copy of this Citation, upon which I endorsed that date of delivery,
together with the accompanying copy of the CITATION with ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE.

Cause of failure to execute this Citation is _____.


                                                         **Mary Angie Garcia**
                                                         Clerk of the District Courts
                                                         of Bexar County, TX

                                                         By: *Elvira Enriquez*, Deputy


                                                                   ORIGINAL (DK003)

' FILED
12/27/2019 4:25 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

CITCML  WJD  SAC 3

CAUSE NO. **2019CI26068**

| | | |
|---|---|---|
| **AURELIANO PALOMO** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **150th**   JUDICIAL DISTRICT |
| | § | |
| **FLOWERS BAKING COMPANY OF** | § | |
| **SAN ANTONIO** | § | |
| *Defendant.* | § | |
| | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, AURELIANO PALOMO, hereinafter referred to as Plaintiff, complaining of and about FLOWERS BAKING COMPANY OF SAN ANTONIO, hereinafter referred to as Defendant, and for cause of action will show unto the Court as follows:

### I.
### PARTIES AND SERVICE

1.    Plaintiff, AURELIANO PALOMO, is a citizen of the United States and the State of Texas and resides in San Antonio, Bexar County, Texas.

2.    Defendant, FLOWERS BAKING COMPANY OF SAN ANTONIO, within the State of Texas and operating business in San Antonio, Bexar County, Texas.

3.    Defendant, FLOWERS BAKING COMPANY OF SAN ANTONIO., may be served with process via certified mail return receipt requested by serving its Registered Agent of Service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1

## II.
## JURISDICTION AND VENUE

4.    This Court has jurisdiction of this action, as this case arises under Ch. 21 of the Texas Labor Code and damages are within the jurisdiction of this court and will continue to increase as this case proceeds to trial. Moreover, venue is proper in Bexar County, Texas, pursuant to the Texas Civil Practice and Remedies Code §15.002, as all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

## III.
## NATURE OF ACTION

5.    This is an action brought pursuant to Ch. 21 of the Texas Labor Code to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's gender (sex), age as well as Defendant's retaliation against Plaintiff's for his opposition to such discrimination.

## IV.
## CONDITIONS PRECEDENT

6.    All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies.

## V.
## FACTS

7.    Mr. Aureliano Palomo began employment in March of 2002 with Flowers Baking Company of San Antonio ("FBCSA"), where he started as a Clerk in the Shipping, Receiving and Delivering department. After competently serving and working in this capacity for ten (10) years, in October of 2012, Mr. Palomo was promoted to the Store Manager until his wrongful termination on March 25, 2019. Throughout Mr. Palomo's

2

seventeen (17) year tenure, he has consistently performed at a high level which is evident from his lack of disciplinary record until Mr. Lozano arrived, promotion to Store Manager and his consistently high sales performance in the store. However, this all changed under the supervision on Mario Lozano (Supervisor).

8.   Mr. Palomo's employment issues started in 2016 when Mario Lozano (Supervisor) took control. Despite Mr. Palomo's highly productive and successful store, Mr. Lozano consistently and routinely made sexist remarks that favor women over men; and would make requests that Mr. Palomo fire two (2) male employees to make space for women employees he had coming to work. Effectively, Mr. Lozano was requesting that Palomo terminate two male employees (Enrique Pena and Arturo Gomez) in favor of two females (Samantha Hernandez and Becky Salinas) because Mr. Lozano stated that "*girls work better than guys*." In response, Mr. Palomo refused because he described the job as physically demanding.

9.   After Mr. Lozano's request, Mr. Palomo began to experience retaliation in the form of at least two (2) write-up(s) thereafter. In comparison, a female employee Valerie Aleman was not issued a write-up when it was discovered that she stole money (theft) from the company. Furthermore, Becky Salinas was hired back after a termination, and was allowed by Mr. Lozano to effectively work at her personal discretion. Notably, Ms. Salinas was directly responsible for at least three (3) vendors (Mi Tequila de Jalisco, Meritz Sausages and Express Mart(s)) refusing to do business with FBCSA because the rude attitude of Ms. Salinas.

10.  Moreover, Mr. Lozano was committed to sabotage Mr. Palomo's work performance by

3

drastically cutting hours allowed to work, stripping away all scheduling authority and refusing to fulfill inventory to maximize sales. Notably, this lack of resources was rectified by Dan Parrish when he made a store visit and noticed the potential to sale. Ultimately, Mr. Lozano and Human Resources terminated Mr. Palomo based on pretext (i.e. alleged poor performance overall). The person that immediately replaced Mr. Palomo was a younger female, Martha Aleman (32), despite her lack of experience.

## VI.
## AGE DISCRIMINATION
## UNDER CH. 21 OF TEXAS LABOR CODE

11.     Plaintiff incorporates by reference the allegations contained in above paragraphs, as if fully rewritten herein.

12.     Defendant intentionally engaged in unlawful employment practices against Plaintiff on the basis of his age in violation of Section 21.051 of the Texas Labor Code.

13.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of an employment opportunity or adversely affect his status because of Plaintiff's age in violation of Section 21.051 of the Texas Labor Code.

14.     Defendant discriminated against Plaintiff in the form of differential treatment with regard to the process and procedures of store operations (including staff and inventory procedures).

4

## VII.
## GENDER (SEX) DISCRIMINATION
## UNDER CH.21 OF TEXAS LABOR CODE

15.   Plaintiff incorporates by reference the allegations contained in above paragraphs, as if fully rewritten herein.

16.   Defendant intentionally engaged in unlawful employment practices against Plaintiff on the basis of his gender (sex) in violation of Section 21.051 of the Texas Labor Code.

17.   Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of an employment opportunity or adversely affect his status because of Plaintiff's gender (sex) in violation of Section 21.051 of the Texas Labor Code.

18.   Defendant discriminated against Plaintiff in the form of differential treatment with regard to the process and procedures of store operations regarding opposite sexes (male versus female).

19.   Defendant discriminated against Plaintiff in the form of discrimination and termination based on his gender (sex).

## VIII.
## RETALIATION
## UNDER CH. 21 OF TEXAS LABOR CODE

20.   Plaintiff incorporates by reference the allegations contained in above paragraphs, as if fully rewritten herein.

21.   Defendant has retaliated against Plaintiff by taking an adverse employment action against him after he opposed the illegal discriminatory practices used against Plaintiff's sex and

5

age in violation of Section 21.055 of the Texas Labor Code.

## IX.
## DAMAGES

22.   Plaintiff sustained the following damages as a result of the actions and/or omissions of

Defendant described hereinabove:

a)   Compensatory damages (including emotional pain and suffering, inconvenience,

mental anguish, loss of enjoyment of life, and other non-economic damages) allowed

under the Texas Labor Code.

b)   Economic damages in the form of lost back pay and lost fringe benefits in the past.

Economic damages, in the form of lost wages and fringe benefits that will, in reasonable

probability, be sustained in the future.

c)   All reasonable and necessary costs in pursuit of this suit, including attorney's fees

pursuant to both the Texas Labor Code.

e)   Punitive damages for the intentional sex discrimination, age discrimination,

retaliation and reckless indifference to the protected rights of Aureliano Palomo.

23.   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks monetary

relief over $200,000 but not more than $1,000,000, including costs, expenses, pre- and

post-judgment interests, and attorney's fees. Plaintiff further requests that the non-

expedited rules apply in this case.

6

## X.
## JURY DEMAND

24. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XI.
## REQUEST FOR DISCLOSURE

25. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request the information or material described in Texas Rule of Civil Procedure 194.2.

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, AURELIANO PALOMO, respectfully prays that Defendant, FLOWERS BAKING COMPANY OF SAN ANTONIO., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,

 kennard law P.C.

Alfonso Kennard, Jr.
Texas Bar No. 24036888
Daniel J. Salas

7

Texas Bar No. 24102445
2603 Augusta Drive, 14th Floor
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
**ATTORNEYS FOR PLAINTIFF**
**AURELIANO PALOMO**

8

U.S. POSTAGE ›› PITNEY BOWES

ZIP 78204 $ 005.95°
02 4W
0000350931 DEC 30 2019

7018 1830 0000 4268 9945

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205



*RETURN SERVICE REQUESTED*

FLOWERS BAKING COMPANY OF SAN ANTONIO
C/O CORP SVC CO DBA CSC-LAWYERS INC SVC CO
211 E 7TH ST 620
AUSTIN TX 78701-3218

2019C128068  12/30/2019--CFROM  ELVIRA ENRIQUEZ

787018:3218 C015

CERTIFIED MAIL #70181830000042689995

2019CI26068   S00001

Case Number: 2019-CI-26068

AURELIANO PALOMO

vs.

FLOWERS BAKING COMPANY OF SAN ANTONIO

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



**"THE STATE OF TEXAS"**
DIRECTED TO:   FLOWERS BAKING COMPANY OF SAN ANTONIO

BY SERVING ITS REGISTERED AGENT, CORP SVC CO DBA CSC-LAWYERS INC SVC COMPANY
211 E 7TH ST 620
AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,  a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  was filed on the 27th day of December, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH  DAY OF December  A.D., 2019.

ALFONSO KENNARD JR
ATTORNEY FOR PLAINTIFF
2603 AUGUSTA DR 1450
HOUSTON, TX 77057-6145

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

AURELIANO PALOMO
vs
FLOWERS BAKING COMPANY OF SAN ANTONIO

Officer's Return

Case Number: 2019-CI-26068
Court:150th Judicial District Court

Came to hand on the 30th day of December 2019, A.D., at  9:06 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the ___ day of ___ 20___, by delivering to: _Kyle Ratzlaff_ ___ at 211 E 7TH ST 620 AUSTIN TX 78701-3218 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.



**FILED**
12 O'CLOCK 45 PM

JAN 0 6 2020

MARY ANGIE GARCIA
District Clerk, Bexar County, Texas
BY _____ DEPUTY

**Mary Angie Garcia**
Clerk of the District Courts
of Bexar County, TX

By: *Elvira Enriquez*, Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

FLOWERS BAKING COMPANY OF SAN ANTONIO
C/O CORP. SVC CO. DBA CSC-LAWYERS INC SVC
211 E 7TH ST 620
AUSTIN TX 78701-3218

2019C126068  12/30/2019  CITCM  ELVIRA ENRIQUEZ

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

7018 1830 0000 4268 9995

DEC 30 2019

SAN ANTONIO, TX

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FLOWERS BAKING COMPANY OF SAN ANTONIO
C/O CORP SVC CO DBA CSC-LAWYERS INC SVC CO
211 E 7TH ST 620
AUSTIN, TX 78701-3218

9590 9402 4404 8248 5279 05

2. Article Number (Transfer from service label)

7018 1830 0000 4268 9995

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Kyle Ratzlaff    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
JAN 02 2020

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

DOCUMENT SCANNED AS FILED



USPS TRACKING #

9590 9402 4404 8248 5279 45

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

DEPUTY

2020 JAN -6 PM 12:45

FILED
DISTRICT CLERK
BEXAR CO. TEXAS