# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 27, 2022
Lyle W. Cayce
Clerk

No. 21-50706

AURELIANO PALOMO,

*Plaintiff—Appellant,*

versus

FLOWERS BAKING COMPANY OF SAN ANTONIO, L.L.C.,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-102-FB

---

Before DAVIS, ELROD, and HAYNES, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
# for the Fifth Circuit

FILED
June 27, 2022
Lyle W. Cayce
Clerk

No. 21-50706

AURELIANO PALOMO,

    *Plaintiff—Appellant,*

*versus*

FLOWERS BAKING COMPANY OF SAN ANTONIO, L.L.C.,

    *Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-102 -FB

---

Before DAVIS, ELROD, and HAYNES, *Circuit Judges.*
PER CURIAM:*

    Aureliano Palomo filed a lawsuit against Flowers Baking Company of San Antonio, LLC ("Flowers") for sex and age discrimination, as well as retaliation, under § 21 of the Texas Commission on Human Rights Act ("TCHRA"). Specifically, Palomo claimed: (1) that his supervisor, Mario Lozano, discriminated against him by persistently making sexist remarks

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50706

favoring younger, female employees, and (2) he was retaliated against after refusing to fire two male employees so that Lorenzo could replace them with female employees. In response, Flowers moved for summary judgment on all claims, which the district court granted.

Having considered the briefing, the district court opinion, the oral arguments, and the relevant portions of the record, we conclude that the district court correctly granted summary judgment.

To establish a prima facie case of discriminatory treatment (on the basis of sex or age), Palomo must show:

> (1) [he] belongs to a protected group, (2) [he] was qualified for [his] position, (3) [he] suffered an adverse employment action; and (4) [he] was replaced with a similarly qualified person who was not a member of [his] protected group, or in the case of disparate treatment, that similarly situated employees were treated more favorably.

*Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (regarding sex discrimination); *see Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (regarding age discrimination). Only the fourth prong was contested by the parties. We conclude that Palomo failed to raise a fact issue on this prong, so the district court did not err as to the discrimination claim.

We also conclude that summary judgment was properly granted on the retaliation claim. To establish a prima facie case of retaliation under the TCHRA, an employee must demonstrate: "(1) [he] engaged in an activity protected by the TCHRA, (2) [he] experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018). Protected activities include opposing a discriminatory

No. 21-50706

practice, which requires a plaintiff to "demonstrate a good-faith, reasonable belief that the underlying discriminatory practice violated the TCHRA." *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015). Critically, "the conduct relied on by the employee must, at a minimum, alert the employer to the employee's reasonable belief that unlawful discrimination is at issue." *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 59 (Tex. 2021) (internal quotation marks and citation omitted). Palomo fails to show that his complaints to his employer reflected any claims of discrimination against other employees. Simply complaining is not enough: the employer must be put on notice that discrimination is in play. No such evidence was cited by Palomo.

**AFFIRMED.**